UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY SCOTT ZIEGLER,<br><br>             Petitioner,<br><br>   v.<br><br>SCOTT SPEER ,<br><br>             Respondent. | CASE NO. 3:25-cv-05031-BHS-BAT<br><br>**REPORT AND RECOMMENDATION** |

Petitioner is serving a state criminal sentence at the Stafford Creek Corrections Center imposed by the Clark County Superior Court on December 16, 2005 in case number 05-1-01080-6-6 for one count of child rape and three counts of child molestation in the first degree. *See State v. Ziegler*, 146 Wn.2d 1007 (Div. II, 2008); and Dkt. 5 at 1 (habeas petition). Using a form 28 U.S.C. § 2241 habeas petition, Petitioner files his fifth federal habeas challenge to the validity of his Clark County conviction and sentence, this time arguing his Sixth and Fourteenth Amendment rights were violated because he was "arraigned without counsel." Dkt. 5 at 6. Petitioner also attached motions for a "Brady Order," Standby Counsel, Judicial Notice, Certification and to show cause. *See* Dkts 6, 7, and 8.

The Court has reviewed the federal habeas petition and recommends:

(1)    Although Petitioner submitted a form § 2241 habeas petition, "28 U.S.C. § 2254

REPORT AND RECOMMENDATION - 1

1    is the exclusive vehicle for a habeas relief that is available to him because he is a prisoner

2    serving a sentence pursuant to a state court judgment. *White v. Lambert*, 370 F.3d 1002, 1009-10

3    (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall,* 603 F.3d 546 (9th Cir.

4    2010) (en banc). The Court thus finds Petitioner's request for habeas relief corpus should be

5    deemed as brought under 28 U.S.C. § 2254.

6           (2)    Since 2010, Petitioner has filed five separate federal habeas petitions in this Court

7    challenging the instant Clark County conviction and sentence. *See Ziegler v. State of*

8    *Washington*, 10-5263-BHS (voluntarily dismissed); *Ziegler v. Glebe*, 14-5407-BHS (dismissed

9    as time-barred); *Ziegler v. Haynes,* 18-5511-RJB (dismissed as second or successive); *Ziegler v.*

10    *Bennett*, 24-5381-JNW (dismissed for failure to exhaust); and *Ziegler v. Bennett*, 24-5990-JNW

11    (report filed December 20, 2024 recommending dismissal as second or successive).

12           The present habeas petition seeks relief from the same Clark County conviction that

13    Petitioner has previously challenged should thus be dismissed as a successive petition. Under 28

14    U.S.C. § 2244(b)(2), the Court must dismiss a successive petition unless the petitioner can show

15    (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral

16    review by the Supreme Court," or (2) "the factual predicate for the claim could not have been

17    discovered previously through the exercise of due diligence." *See* § 2244(2).

18           Petitioner fails to satisfy these standards. He claims he was denied counsel at

19    arraignment. This is a fact he knew about 20 years ago when he was arraigned and a claim that

20    does not rely upon a new rule of constitutional law. Thus, under § 2244(b)(3)(A), this Court

21    lacks jurisdiction to consider this petition unless the Ninth Circuit Court of Appeals has

22    authorized its filing and Petitioner presents nothing showing such authorization has been granted.

23

REPORT AND RECOMMENDATION - 2

(2) Additionally, because Petitioner raises a claim he knew about approximately twenty years ago, his habeas petition is time-barred. A habeas petition filed by persons imprisoned under a state court judgment is subject to a one-year statute of limitations. Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *See* 28 U.S.C. § 2244(d)(1) and (2).

This Court already found in 2014 that Petitioner's request for § 2254 habeas relief was time-barred. Petitioner failed to raise the present claim in *Ziegler v. State of Washington*, 10-5263-BHS, the first federal habeas petition he filed. Although Petitioner could have raised the present claim in his first petition, because he obviously knew in 2010 whether he was represented by counsel at his arraignment hearing, he failed to do so. There are thus no legal or equitable grounds to permit him to now raise the claim in an untimely manner.

The Court accordingly recommends the present habeas petition be dismissed with prejudice as time-barred.

(3) If the Court dismisses this case and Petitioner wishes to appeal the dismissal of his § 2254 federal habeas petition, he may do so only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may issue only if Petitioner makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Petitioner may satisfy this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented

REPORT AND RECOMMENDATION - 3

are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Issuance of a COA should be denied because no reasonable jurist would disagree the present habeas petition is both successive and time-barred. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

(4)    This Report and Recommendation is not an appealable order. Therefore, Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **February 4, 2025.**  The Clerk shall note the matter for **February 7, 2025**, as ready for the District Judge's consideration.  The failure to timely object may affect the right to appeal.

DATED this 21st day of January, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4