UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFEREY SCOTT ZIEGLER,<br><br>                Petitioner,<br><br>    v.<br><br>SCOTT SPEER,<br><br>                Respondent. | CASE NO. C25-5031 BHS<br><br>ORDER |

THIS MATTER comes before the Court on Magistrate Judge Brian A. Tsuchida's Report and Recommendation ((R&R), Dkt. 9, recommending the Court deny pro se petitioner Jeffery Ziegler's § 2241 habeas petition, Dkt. 1, deny a § 2253(c) Certificate of Appealability, and close the case. It correctly concludes that this is Ziegler's fifth habeas petition arising out of his 2005 state court rape conviction.

A district court "shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further

ORDER - 1

evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). In providing for a de novo determination, Congress "intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Thus, the district court is required only to indicate that it reviewed the record de novo and found no merit to the objections in order to summarily adopt the R&R's analysis. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). The district court is not obligated to "expressly address" every objection. *Id.* at 437.

Ziegler has objected to the R&R, but his arguments are conclusory and do not contain any law-fact analysis. They do not address the factual or legal underpinnings of the R&R. Dkt 10. For example, Ziegler objects to the R&R as a "violation of 28 U.S.C. § 1915 based on the preliminary screening voidness of Article III authorization." Like his other objections, this objection does not address or undermine the R&R's conclusion that Zeigler's habeas petition is both successive and time-barred.

A petitioner may not bring a second or successive habeas petition without permission from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2254 Rule 9. A second or successive petition is one with "claims contesting the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Ziegler has filed a similarly conclusory motion asking the Court to take judicial notice of a 1938 Supreme Court opinion, *Johnson v. Zerbst*, 304 U.S. 458 (1938). Dkt. 12. The import of this opinion is unclear, but the Court need not take judicial notice of Supreme Court authority. Johnson does not alter the conclusion that the Court does not have jurisdiction over Ziegler's petition. The motion is **DENIED**. Ziegler's motion to show cause, Dkt. 11, seeks to force the respondent to respond to his petition. It is also **DENIED**.

The R&R is neither clearly erroneous nor contrary to law. A second or successive habeas petition must be addressed to the Ninth Circuit in the first instance; this Court has no jurisdiction over such a petition. § 2254(b)(3)(A). The R&R is **ADOPTED.** Ziegler's habeas petition, Dkt. 1, is **DENIED**. The case is **DISMSSED**. The Court will **NOT** issue a § 2253(c) Certificate of Appealability for the reasons outlined in the R&R.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 4th day of February, 2025.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3